PER CURIAM:
On September 16, 1983, claimant was involved in an automobile accident at approximately 5:00 p.m., on W.Va. Rt. 24, in Bridgeport, Harrison County, West Virginia. She was driving her 1981 Datsun 200SX in a southerly direction, and as she was negotiating a sharp turn in the road, the rear portion of the vehicle began to slide. It collided with an automobile owned by Andrew Tomasik, Jr., which was headed northbound. Damage to the claimant’s vehicle amounted to $1,268.40, and damage to the Tomasik vehicle was $330.86. Claimant’s insurance paid for the damages to both vehicles, except for $100.00 deductible on claimant’s automobile.
At the time of the incident, the pavement was wet. Officer James M. Miles, who investigated the accident, testified that he did not issue a citation to the claimant. He stated that the road became slippery when wet due to some unknown substance in the road. When asked whether the road had an oily surface, Officer Miles replied:
“I would say that, yes, it had some type of an oily type of substance which would cause it to be slippery. I can give an example that I can stop my car at the top of the hill here, exiting my cruiser, stand on my feet with my feet perpendicular to the roadway, I would slide down the road.”
He felt that the road was sloped in the wrong direction, with the outside of the curve lower than the inside. Officer Miles added that there had been other accidents of a similar nature under similar conditions.
Captain William E. Allender of the Bridgeport Police Department testified that he sent a letter on October 16, 1980, to respondent concerning the accident site on Route 24. The letter stated, in part:
“. . . the majority of the accidents recently are vehicles failing to negotiate the ninety degree curve on W.Va. Rt. 24 at the Hall Street intersection. Most of these accidents have occured (sic) during the time that the pavement was wet and the speed of the vehicles did not appear to be a contributing factor.
*222 The problem seems to be a lack of traction on a ninety degree downhill curve with improper elevation.”
Captain Allender stated that a representative of respondent suggested placing signs showing slippery road at the site. There was no evidence presented to indicate that the signs were installed. He was asked whether anything was done to the roadbed itself, and replied, “Not to my knowledge.”
Respondent’s witness, Ronald C. Smith, Jr., a civil engineer in the maintenance department, testified that Route 24 was properly elevated with the inside of the curve slightly lower than the outside. He also said that he was unaware of any substance in the pavement at the location which made the road slippery when wet. Under cross-examination, Mr. Smith stated that he had never worked on the road and had no knowledge of what the road surface was made of.
It is well established that the State neither insures nor guarantees the safety of travellers on its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to find respondent liable for the damages incurred, actual or constructive notice of the defect must be shown. In this claim, actual notice was established by the letter of October 16, 1980. The Court finds that respondent has failed to establish that the road was free from defects and negligently failed to take corrective action. Respondent is therefore liable to the claimant for her actual out-of-pocket losses. The Court makes an award to claimant in the amount of $100.00, the amount of her deductible.
Award of $100.00.